UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe,  Case No. 3:21-cv-140

          Plaintiff,

    v.  MEMORANDUM OPINION
                                                             AND ORDER

Red Roof Inns, Inc., et al.,

          Defendants.

Plaintiff Jane Doe asserts claims arising from sexual assaults and exploitation perpetrated by certain individuals. (*See* Doc. No. 15). Plaintiff named as defendants her abusers as well as other individual and corporate defendants who allegedly enabled or facilitated the abuse she endured. (*Id.* at 8). Among the corporate defendants are Red Roof Inns, Inc.,[1] Red Roof Franchising, LLC, RRF Holding Company, LLC, Sharad Hospitality, Inc., and JPR Hospitality, Inc. (the "Red Roof Inns Defendants"). (*Id.* at 12-14).

The Hastings Mutual Insurance Company has filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). (Doc. No. 56). Hastings asserts it issued policies of insurance to the Red Roof Inns Defendants and has been paying the defense costs of those defendants pursuant to the terms of those policies. (*Id.* at 2). Hastings further asserts it has determined the

---

[1] Plaintiff also asserts claims against Westmont Hospitality Group, Inc., which allegedly is a participant in a joint venture known as Wrrh Investments L.P. (Doc. No. 15 at 13-14). Plaintiff alleges Westmont owns, operates, and manages various Red Roof Inn hotels. (*Id.*). The motion to intervene does not apply to Plaintiff's claims against Westmont.

policies in fact do not provide coverage in these circumstances. Hastings seeks to intervene because, it argues, its duties of defense and indemnification "may be decided in part in the present case . . . [and] its interests are not currently being represented . . . ." (*Id.* at 2-3).

Rule 24 provides as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.

The Sixth Circuit has held a movant seeking to intervene as of right under Rule 24(a) must establish each of four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citation omitted). "[F]ailure to meet [any] one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (citation omitted).

I conclude Hastings has failed to carry its burden under Rule 24(a). Hastings' interest is in determining what it might be required to pay under the insurance policies it issued, "which is a question of insurance coverage that is wholly distinct from the question of [the defendant's] liability for damages allegedly caused by their . . . conduct." *Al-Menhali v. Marriott Int'l, Inc.*, No. 1:17 CV 1089, 2019 WL 4194129, at *3 (N.D. Ohio Sept. 4, 2019); *see also Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1193 (D.N.M. 1999), *aff'd,* 268 F.3d 1208 (10th Cir. 2001) ("To permit intervention where coverage is in dispute would allow an insurer to interfere with and in effect control the defense.

Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer a double bite at escaping liability.") (citations and internal quotation marks omitted).

Moreover, Hastings' asserted interest will not be impaired by the denial of their motion to intervene. The Supreme Court of Ohio has expressly held that when an insurance company "has sought and been denied intervention [based upon policy coverage issues], collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007).

For these reasons, I conclude Hastings has failed to meet its burden under Rule 24(a) and deny the motion to intervene. (Doc. No. 56).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge