UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe,　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-140

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　　ORDER

Red Roof Inns, Inc., *et al.*,

　　　　　Defendants.

On July 16, 2021, the Clerk of Court issued an entry of default against the following Defendants: Anthony Haynes; Cordell Jenkins; Kenneth Butler; Ishvar Kurpa, LLC d/b/a Lighthouse Motel; Greater Life Christian Center; Pilgrim Assets, Inc.; Alisa M. Haynes; and Alexis Fortune. (Doc. No. 87). These Defendants were served with a copy of the First Amended Complaint but have failed to file an answer or otherwise respond. (*See* Doc. Nos. 43, 45, 47, 62, 63, 74, 75, 80, and 82). Plaintiff has moved for entry of a default judgment against each of these Defendants. (Doc. No. 85). Plaintiff requests that any damages hearing against the defaulting Defendants be deferred until after her claims against the remaining Defendants have been resolved. (*Id.* at 2).

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). While the factual allegations relating to liability are taken as true, a court still must determine

whether those allegations are sufficient to state a claim for relief. *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

Plaintiff has not offered any legal arguments in support of her motion for default judgment pursuant to Rule 55(b)(2). (*See* Doc. No. 85 at 2). Her motion implicates 12 of the 13 counts pled in the Complaint, and the legal standard for liability on at least some of those counts differs based upon the nature of the Defendant (either an individual or a business entity) and the Defendant's conduct. For instance, in Count One, in which Plaintiff alleges violation of the Victims of Trafficking and Violence Protection Act, it matters whether the Defendant was a perpetrator of a criminal offense or a third party which allegedly benefitted financially from an individual Defendant's misconduct.

Without some development of the legal arguments supporting her claims, I am unable to determine whether Plaintiff's allegations are sufficient to state a claim for relief. *See, e.g., Grover v. BMW of N. Am., LLC*, --- F. Supp. 3d ---, 2022 WL 204925, at *15 (N.D. Ohio 2022) ("'[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)).

Therefore, I deny Plaintiff's motion for default judgment without prejudice. Within 60 days of the date of this Order, Plaintiff shall file a new motion for default judgment addressing the concerns I have expressed here or otherwise provide notice of her intent to file such a motion at a later time.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge