UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane Doe,                                             Case No. 3:21-cv-140

         Plaintiff,

v.                                                 MEMORANDUM OPINION
                                                                AND ORDER

Red Roof Inns, Inc., *et al.*,

         Defendants.

## I. INTRODUCTION AND BACKGROUND

Between 2014 and March 2017, Plaintiff Jane Doe repeatedly was sexually assaulted by Anthony Haynes, Kenneth Butler, and Cordell Jenkins, at churches where the three men were pastors, as well as at Toledo-area hotels and a store at a local mall. Plaintiff subsequently initiated this litigation, filing suit against a total of 15 churches and companies, 12 individuals, and 20 John Doe Defendants. (*See* Doc. No. 15). One of the churches named as a Defendant was Abundant Life Ministries, Inc. ("ALM"), a church previously led by Jenkins. Plaintiff also named Perfecting Church-Toledo, Inc. ("PCT"), as a Defendant, alleging "Abundant Life Ministries[,] Inc. is now known as Perfecting Church-Toledo[,] Inc." (Doc. No. 15 at 21).

The parties proposed, and I adopted, a deadline for December 15, 2022, for amending the pleadings without first obtaining leave of court. (Doc. No. 116 at 2; Doc. No. 121 at 1). PCT filed a motion for judgment on the pleadings on December 9, 2022, arguing Plaintiff did not plead

sufficient facts to support her legal conclusion that PCT is liable for any wrongdoing by ALM. (Doc. No. 124).

The Local Civil Rules set a 30-day deadline for an opposing party to file a memorandum in opposition to a dispositive motion such as PCT's Rule 12(c) motion. LR 7.1(d). Plaintiff filed a brief in response to PCT's motion, acknowledging she had not sufficiently explained the connection between ALM and PCT, (Doc. No. 125), and seeking leave to file a second amended complaint. (Doc. No. 126). PCT filed a brief in reply, arguing Plaintiff had effectively conceded the point and that PCT is entitled to judgment on the pleadings. (Doc. No. 128). PCT also filed a brief in opposition to Plaintiff's motion for leave to amend, arguing that motion should be denied because of undue delay. (Doc. No. 129).

I filed an order instructing Plaintiff to address the standard set forth in Rule 16 for amendment of the pleadings after the passage of a deadline set during a Rule 26 conference. (*See* Doc. No. 130). I also granted PCT leave to file a sur-reply brief addressing the Rule 16 arguments. (*Id.*). Plaintiff filed her reply brief in support of her motion for leave to amend, arguing she satisfied the requirements of Rules 15 and 16. PCT did not file a sur-reply brief.

For the reasons stated below, I deny PCT's motion for judgment on the pleadings and grant Plaintiff's motion for leave to amend her complaint.

## II.     STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

### III. DISCUSSION

PCT offers two main arguments. The first is that Plaintiff offers only a legal conclusion – ALM "'is now known as Perfecting Church-Toledo, Inc.'" – to connect PCT with ALM and, thus, to assign liability to PCT for ALM's alleged wrongdoing. (Doc. No. 124 at 2 (quoting Doc. No. 15 at 21)). The second argument is that Plaintiff waited too long to amend her pleadings and, therefore, it would be improper for me to grant leave to amend. PCT's second argument is unpersuasive and renders its first argument moot.

As I noted above, Rule 16 requires a plaintiff to show good cause for modifying a previously issued scheduling order. PCT contends Plaintiff has not established good cause because she waited

3

"roughly . . . 535" days before seeking leave to amend her complaint to plead additional facts connecting PCT and ALM and the proposed amendments would result in PCT suffering substantial prejudice "by being compelled to expend a significant amount of time and money in the defense of this case, which is based upon tenuous allegations." (Doc. No. 129 at 4).

But PCT's arguments are undone by its concessions. PCT arrived at the 535-day time frame by counting backwards from the date on which Plaintiff filed her motion for leave to amend to July 21, 2021 – the date on which Plaintiff's counsel sent PCT's attorney an email containing various internet articles connecting PCT's leadership to ALM. (Doc. No. 131-5). Further, PCT does not dispute Plaintiff's representation that her attorneys provided this documentation in direct response to PCT's counsel's litigation posture regarding the ALM allegation. (*See* Doc. No. 131 at 4). Plaintiff represents – and, again, PCT does not dispute – that she did not seek leave to amend earlier based upon counsel's good faith belief that this issue had been resolved. (*Id.* at 6).

Moreover, PCT's contention that the connection between ALM and PCT is "tenuous" and based upon hearsay and unreliable evidence is overstated and premature.[1] (*See* Doc. No. 129 at 4). At the pleadings stage, the court must construe the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Plaintiff draws a clear connection between ALM, PCT, and a "parent organization" which was allegedly intimately involved in overseeing ALM/PCT after Jenkins was arrested. (Doc. No. 126-1 at 10-16). PCT will have an opportunity to challenge the factual basis for these allegations after discovery and in a

---

[1] Further, PCT's assertion that it will be forced to expend time and money defending this case does not satisfy its burden to establish it will be prejudiced by the proposed amendments. (Doc. No. 129 at 4). Plaintiff's proposed amended complaint does not include any new claims or otherwise constitute an attempt to change her legal theory. *See, e.g., Leary v. Daeschner*, 349 F.3d 888, 906-08 (6th Cir. 2003).

4

properly supported motion for summary judgment. But, at this stage, I find its arguments unconvincing.

I conclude Plaintiff has met her burden under Rules 15 and 16 and grant her motion for leave to amend.

## IV. CONCLUSION

For the reasons stated above, I grant Plaintiff's motion for leave to file a second amended complaint, (Doc. No. 126), and deny PCT's motion for judgment on the pleadings. (Doc. No. 124). Plaintiff shall file her second amended complaint within seven days of the date of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge